UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOU VANG XIONG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. HATTON, *Warden*,<br><br>　　　　Respondent. | No. 1:19-cv-00569-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 28) |

Petitioner Tou Vang Xiong is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 22, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for federal habeas relief be denied on the merits. (Doc. No. 28.) The findings and recommendations were served upon both parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service of the order. After requesting and receiving several extensions of time to file objections, petitioner filed timely objections on February 18, 2020. (Doc. Nos. 29, 30, 31, 32, 34.)

/////

1

1 | In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a
2 | *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's
3 | objections, the court concludes that the findings and recommendations are supported by the
4 | record and proper analysis.

5 | In his objections, petitioner reiterates arguments that had already been addressed in the
6 | pending findings and recommendations. (Doc. No. 34.) The only arguably new assertion by
7 | petitioner in his objections is his argument that he was prejudiced by the withdrawal of his not
8 | guilty by reason of insanity ("NGI") defense in state court because it would not have failed
9 | despite California Penal Code § 29.8, which provides that the defense "shall not be found by the
10 | trier of fact solely on the basis of a[n] . . . addiction to, or abuse of, intoxicating substances."
11 | (Doc. No. 34 at 13.) Petitioner now argues that his NGI defense was not only supported by his
12 | methamphetamine-induced psychosis but also allegedly by a speech impediment and injuries he
13 | sustained from a car accident. (Doc. No. 34 at 13.) Aside from the fact that petitioner 1) fails to
14 | explain how a speech impediment and injuries sustained from a car accident contributed to his
15 | alleged insanity, and 2) withdrew his NGI plea in open court (Doc. No. 28 at 33), the state court's
16 | determination that petitioner's NGI plea could not be supported under California law is binding
17 | on this court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a
18 | federal habeas court to reexamine state-court determinations on state-law questions.") (*See* Doc.
19 | No. 28 at 25.) Therefore, the undersigned concludes that petitioner's objections present no
20 | grounds for questioning the magistrate judge's analysis.

21 | Having found that petitioner is not entitled to habeas relief, the court now turns to whether
22 | a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no
23 | absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
24 | under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
25 | (2003). Moreover, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
26 | court issue or deny a certificate of appealability when entering a final order adverse to a
27 | petitioner. *See also* Ninth Circuit Rule 22-1(a).
28 | /////

If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations filed on November 22, 2019 (Doc. No. 28) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 9, 2020**

UNITED STATES DISTRICT JUDGE